IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOLDEN GOLF LIGHTING, INC. and AN ADVANCED ENTERPRISE, INC., | ) ) ) ) |
| Plaintiffs, | ) No. 07 C 1086 ) |
| v. | ) Wayne R. Andersen ) District Judge |
| GREENWICH INDUSTRIES, L.P., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

This matter is before the Court on the motion [42] of Defendant Greenwich Industries, L.P.'s (d/b/a Clarin) to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6). For the following reasons, this motion is denied.

BACKGROUND

Plaintiffs Golden Golf Lighting, Inc. and An Advanced Enterprise, Inc. are Taiwanese corporations in the business of manufacturing and selling folding chairs. Defendant Greenwich Industries, L.P., a Delaware limited partnership with offices in Cook County, Illinois, also manufactures and sells folding chairs. In January 2004, Plaintiffs allege Defendant fraudulently obtained a trademark, Federal Registration Number 2803875, for one of its folding chairs and in June 2004 registered this trademark with the U.S. Customs and Border Protection ("U.S. Customs").

Following trademark registration with U.S. Customs, Plaintiffs allege Defendant requested U.S. Customs seize chairs shipped by Plaintiffs to Plaintiffs' customer Specialized

Seating. Plaintiffs allege Defendant told U.S. Customs Plaintiffs' chairs infringed on Defendant's trademark. As a result of the seizure, Plaintiffs allege Specialized Seating cancelled orders from Plaintiffs and Plaintiffs were subsequently not paid for these orders.

On January 20, 2007, in a separate lawsuit between Defendant and Specialized Seating, the United States District Court for the Northern District of Illinois invalidated Defendant's trademark on the grounds that the trademark was procured through fraud. Plaintiffs subsequently filed a two-count complaint against Defendant seeking damages pursuant to 15 U.S.C. § 1120. Defendant have filed this instant motion to dismiss claiming: (1) Plaintiffs fail to allege an injury to trademark; (2) Plaintiffs fail to allege an injury that was proximately caused by Defendant; (3) Plaintiffs fail to plead fraud with particularity; and (4) Plaintiffs improperly combine two separate claims by two separate plaintiffs in a single count complaint.

For the reasons that follow, this Court disagrees with Defendant and finds Plaintiffs' complaint adequately alleges a two-count claim for relief pursuant to 15 U.S.C. § 1120.

STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 FF.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## DISCUSSION

Defendant first argues Plaintiffs fail to allege an injury to trademark recoverable under 15 U.S.C. § 1120. While 15 U.S.C. § 1120 limits recovery to injuries sustained "in consequence" of trademark registration "by a false or fraudulent declaration or representation, oral or in writing, or by any false means", the plain language does not limit liability to only injuries to a trademark. Thus, this Court finds Plaintiffs have adequately alleged a recoverable injury pursuant to 15 U.S.C. § 1120.

Defendant next argues Plaintiffs fail to allege an injury that was proximately caused by Defendant. Proximate cause exists when a defendant could reasonably foresee the injury as a result of its conduct. *Palay v. U.S.*, 349 F.3d 418, 432 (7th Cir. 2003).
Plaintiffs allege Defendant requested that U.S. Customs seize chairs shipped by Plaintiffs to Specialized Seating because these chairs were counterfeit versions of Defendant's trademark. As a result of this seizure, Plaintiffs allege Specialized Seating cancelled their orders and

3

Plaintiffs were not subsequently paid. This Court finds that Plaintiffs have adequately alleged proximate cause.

Additionally, Defendant argues Plaintiffs fail to plead fraud with particularity; however, this Court disagrees. 15 U.S.C. § 1120 creates a civil cause of action for parties injured as the result of a fraudulently procured trademark. Pursuant to Fed. R. Civ. P. 9(b), a Plaintiff must set forth with particular details the "circumstances constituting fraud." Plaintiffs allege injury as the result of Defendant's alleged fraud adjudicated in *Specialized Seating v. Greenwich Industries, L.P.*, 472 F.Supp.2d 999 (N.D. Ill. 2007). Plaintiffs directly reference the 19 page *Specialized Seating* opinion, which details Defendant's fraud sufficiently to satisfy the requirements of Fed. R. Civ. P. 9(b). Thus, this Court finds Plaintiffs have adequately pled fraud pursuant to Fed. R. Civ. P. 9(b).

Finally, Defendant argues Plaintiffs impermissibly combined two unrelated claims by two unrelated plaintiffs into a single claim. Fed. R. Civ. P. 8(a) requires Plaintiffs to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, Fed. R. Civ. P. 8(d)(1) says "no technical form is required." This Court finds Plaintiffs' complaint conforms with the requirements of Fed. R. Civ. P. 8(a). While this Court greatly appreciates that many complaints clearly delineate separate claims with separate headings, there is no explicit rule requiring Plaintiffs to use such headings.

CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss is denied [42].

It is so ordered.

                                                Wayne R. Andersen
                                                United States District Judge

Dated: _June 18, 2010_____